IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KURTIS NARADA JONES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | CASE NO. CV420-079 <br> CR418-237 |

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 6), to which objections have been filed (Doc. 7).[1] After a careful review of the record, the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's Motion for Summary Judgment (Doc. 3) is **DENIED** and the Government is **DIRECTED** to respond to Petitioner's 28 U.S.C. § 2255 petition.

In his objections, Petitioner objects to the recommended denial of his motion for summary judgment. (Doc. 7 at 2.) Petitioner takes issue with Magistrate Judge Ray's finding that, even if summary judgment was available in § 2255 proceedings, he failed to provide adequate factual support for his motion and attaches numerous documents to support his claims. (Doc. 7.) The Court appreciates Petitioner's efforts in explaining his claims

---

[1] All citations are to Petitioner's civil docket at 420CV079, unless stated otherwise.

and attaching documentary evidence. However, the Court finds that Petitioner's motion for summary judgment should be denied. Petitioner relies heavily on United States v. Douglas, 193 F. App'x 925, 928 (11th Cir. 2006), for the proposition that "boot camps and probation detention centers are not countable under U.S.S.G. § 4B1.1 or 4A1.2(e)(1)." (Doc. 7 at 6.) However, the Eleventh Circuit stated in Douglas that "[w]e do not reach the remaining issue of whether confinement to a probation detention center is a 'sentence of imprisonment' for the purposes of § 4A1.1 because the district court stated that, if it was incorrect as to this issue, it would impose the same sentence." 193 F. App'x at 928. Thus, Petitioner has not carried his burden to show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Further, as Petitioner contends, he raises the same arguments in his motion for summary judgment as his § 2255 petition. His claims are better addressed after the Government has responded.

SO ORDERED this 21st day of July 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA