# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| KURTIS NARADA JONES, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV420-79 |
| | ) ) | CR418-237 |
| UNITED STATES OF AMERICA | ) ) | |
| Respondent. | ) ) | |

## ORDER AND REPORT AND RECOMMENDATION

On November 26, 2018, Kurtis Narada Jones pleaded guilty to an indictment which charged him with two counts of possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a), one count of possession of cocaine in violation of 21 U.S.C. § 844. *See* docs. 32, 1.[1]  He now moves the Court to vacate his conviction under 28 U.S.C. § 2255.  Doc. 51.

### I.     Background and Procedural History

Jones pleaded guilty to, and was convicted of, possession with intent to distribute drugs in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and

---

[1] The Court cites to the criminal docket in case CR418-260 unless otherwise noted.

simple possession of cocaine in violation of 21 U.S.C. § 844. *See* doc. 46 at 1 (Judgment); *see also* doc. 32; doc. 48 at 4. Based on his criminal history, the probation officer determined that Jones was a career offender under U.S.S.G. § 4B1.1(b), and in the Pre-Sentence Report ("PSR"), recommended applying an enhancement based on this determination.

According to Respondent, Jones classification as a career offender under U.S.S.G. § 4B1.1(b) was based on two prior convictions: (1) a 2004 Henry County, Georgia conviction for possession of cocaine with intent to distribute; and (2) a 2004 Liberty County, Georgia conviction for possession of cocaine with intent to distribute and possession of marijuana with intent to distribute. Doc. 63 at 4 (citing PSR ¶¶ 42, 50-51). Because he accepted responsibility, Jones received a three-level offense reduction resulting in a total offense level of 29, a criminal history category of VI, and an advisory guideline range of 151 to 188 months' imprisonment. *Id.* (citing PSR ¶¶ 42-45, 54, 83). The District Judge held a sentencing hearing on May 2, 2019, wherein Jones did not make any objections to the PSR and thus it was adopted. Doc. 48. The Government filed a downward departure motion, requesting a 113-month sentence. Doc. 48 at 7. Ultimately, the court departed even below the

request, and Jones was sentenced to 105 months' imprisonment on Counts 1 and 2, as well as 12 months imprisonment on Count 3, all concurrent. Docs. 48 at 13; 46 at 1-2. No objections were made to the proceedings and no appeal was filed. *See* doc. 48 at 17-18; *see generally* docket.

In April 2020, Jones filed a motion under the First Step Act and 18 U.S.C. § 3582(c)(1)(B), contending that his sentence was improperly enhanced for his prior drug convictions. Docs. 49, 52. He also filed the present Motion to Vacate under § 2255, claiming his attorney was ineffective because she failed to object to the PSR which had relied on his 2004 Liberty County conviction in finding him a career offender under U.S.S.G. § 4B1.1(b).[2] *See* Doc. 51. In his Motion to Vacate, Jones argues that, in 2004, he was merely sentenced to probation, so the conviction did not qualify as a "sentence of imprisonment" under U.S.S.G. § 4A1.1. Doc. 51 at 5. Consequently, he asserts, the 2004 conviction should not count as an underlying offense impacting his federal sentence. This Court denied Jones' First Step Act motion on May 18, 2021. Doc. 72 at 2. On

---

[2] The Court references the Liberty County conviction as the "2004 conviction" to distinguish it from the conviction which he currently wishes to vacate. It is not intended to conflate or confuse Jones' 2004 Henry County conviction, which is largely irrelevant to the present collateral review issue.

3

May 20, 2021, Jones moved to amend his § 2255 Motion to Vacate to include an argument that his counsel was ineffective for failing to assert that the 2004 conviction was not a "serious drug felony" as defined by § 401 of the First Step Act, an argument similar to what he attempted to assert in his request for sentence reduction. Docs. 73, 74. Respondent countered Jones' argument as to the impacts of the 2004 conviction on the sentencing guidelines in their Response to the Motion to Vacate, doc. 63, and later argued that Jones' attempt to amend his Motion to include First Step Act grounds is impermissible because the allegations are untimely, doc. 75.

Before the Court considers Jones' Motions, however, it must address certain matters regarding the docket. Petitioner's multiple attempts at supplementing and amending his original Motion to Vacate constitute impermissible piecemeal amendments. *See Calhoun v. Bergh*, 769 F.3d 409, 410-11 (6th Cir. 2014), cert. denied sub nom. *Calhoun v. Booker*, 574 U.S. 1161 (2015) ("An amended complaint supersedes an earlier complaint for all purposes . . . that rule applies in this [§ 2255] case as it does in civil cases generally.") (internal quotations omitted)). However, the Court has reviewed these filings and found that many of

them were ambiguously titled, which resulted in the Clerk construing them as Motions to Amend even though some of them appear to merely attempt to expand the arguments originally asserted or to inquire as to the status of his case, *see, e.g.*, docs. 76, 77, 78, 79, 82. Other motions express Jones' desire for appointment of counsel to assist him at a simultaneously requested "evidentiary hearing." *See., e.g*, docs. 67, 71.

To the extent that Jones seeks appointment of counsel in docs. 67 and 71, his request is **DENIED.** *See United States v. Johnson*, 842 F. App'x 402, 405 (11th Cir. 2021) (where movant could not show that an attorney is required to help with an evidentiary hearing or to provide effective discovery, movant was not entitled, as a matter of law, to appointed counsel.) (citing the Rules Governing Section 2255 Proceedings, Rules 6(a), (8c), which "require counsel to be appointed for indigent parties if necessary for effective discovery or if an evidentiary hearing is warranted). Likewise, his request for an evidentiary hearing is denied because, as explained below, the grounds he asserts are meritless and untimely. *Holmes v. United States,* 876 F.2d 1545, 1553 (11th Cir. 1989) ("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a

5

hearing required where the petitioner's allegations are affirmatively contradicted in the record." (internal quotation marks and citation omitted))

As to the merits asserted, docs. 73 and 74 appear to state Jones' second grounds for relief regarding the First Step Act, and thus are properly construed as Motions to Amend the original petition. Nevertheless, the Court, upon consideration of the Respondent's arguments and as explained below, finds that Jones' amended pleadings do not "relate back" to his original filing, and, had permission from the court been sought for amendment, he would not have received it. As dismissal of all claims is warranted, the Court **DIRECTS** the Clerk to terminate docs. 76, 77, 78, 79, and 82 upon adoption of the present Report and Recommendation by the District Judge. These filings are more properly construed as Responses and supplemental replies to Respondent's various arguments in response to Jones' claims. Moreover, docs. 51, 73, and 74 should be **DENIED** for the reasons explained below.

## II.   Discussion

A petitioner asserting a claim of ineffective assistance of counsel must satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668

(1984); *Conklin v. Schofield,* 366 F.3d 1191, 1201 (11th Cir. 2004). Under *Strickland,* a petitioner must affirmatively prove both deficient performance and actual prejudice. *Strickland,* 466 U.S. at 687. Jones' original § 2255 Motion asserted the following ground: "due to Counsel Laura Haystay's [sic] failure at sentencing to object or otherwise preserve and raise a valid argument against the use of his probationary sentence of eight years, with a special condition of 360-420 days confinement in a 'Probation Detention Center' as predicate offense for career offender purposes, he was subjected to an unconstitutional sentence for 105 months as a career offender because his sentencing guidelines range was incorrectly determined." Doc. 51-1 at 9. His Motions to Amend, docs. 73 and 74, seek to add a claim of ineffective assistance of counsel under the theory that Hastay failed to object to his 2004 conviction on the basis that it was not "countable" as a serious drug felony under § 401 of the First Step Act.

A. *Career Offender Sentencing*

Whether Hastay improperly failed to object to the treatment of Jones' prior probationary sentence matters because the type, length, and period between that confinement and the conviction at issue impacted

7

the points attributed to his offense level and, therefore, the sentence recommended under the Guidelines. The Guidelines assign three points for any prior sentence of imprisonment exceeding one year and one month under §4A1.1(a); two points for a prior sentence of imprisonment less than a year and a month but of at least sixty days under §4A1.1(b); and one point for other prior sentences under §4A1.1(c). U.S.S.G. § 4A1.1. Sentences of probation usually fall under the last provision, § 4A1.1(c), meaning they count for one point, and they are only considered an underlying conviction for purposes of the career offender sentence if the conviction occurred within a 10-year timeframe. *See* U.S.S.G. § 4A1.1(c); § 4A1.2, app. n. 2; § 4A1.2(e)(2).

Jones explains that on March 3, 2004, he was sentenced to probation with a requirement that he spend 360 to 420 days in a state probation detention center. Doc. 51 at 25; PSR at ¶ 51. Such a sentence, he argues, should not constitute a "sentence of imprisonment" for the purposes of U.S.S.G. § 4A1.2(b)(1), but rather should be treated like a residency in a halfway house or probation without prior incarceration under §4A1.1(c), for purposes of sentencing. Doc. 51-1 at 11-12. Given the span of time between Jones' 2004 conviction and the presently

8

disputed conviction, if subsection 4A1.1(c) applies to him, his sentencing range was improperly calculated.

The Guidelines and commentary also explain, however, that "[a] sentence of probation is to be treated as a sentence under § 4A1.1(c) unless a condition of probation requiring imprisonment of at least sixty days was imposed." U.S.S.G. §§ 4A1.2(e)(1)-(2) & app. n. 2. Respondent argues that "by negative implication," probationary sentences not falling into § 4A1.1(c) must constitute convictions under §§ 4A1.1(a) or (b) if "a condition of probation requiring imprisonment of at least sixty days was imposed." Doc. 63 at 11. Additionally, because Jones' 2004 sentence was to serve over one year and one month, it qualifies under U.S.S.G. §4A1.2(e)(1), meaning that the relevant time frame is "within 15 years." *See id.* at 11-12; *see also* U.S.S.G. § 4A1.2(e)(1) ("Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted."); § 4A1.2, app. n. 2 ("For the purposes of applying § 4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum (e.g., . . . in the case of an indeterminate sentence of one to five years, the stated maximum is five years . . . ."). Thus, Respondent argues,

9

because the 2004 conviction was within 15 years of the counts leading to his current conviction, it should be considered. Doc. 63 at 10-11. Moreover, the fact that his sentence in the probation detention center was for one year and one month also mandates that § 4A1.1(a) applies, meaning three points were properly added to his offense level. U.S.S.G. § 4A1.1(a) (A defendant receives "3 points for each prior sentence of imprisonment exceeding one year and one month."). In other words, Jones' 2004 sentence, which constituted a "sentence of probation requiring imprisonment of at least sixty days," U.S.S.G. §§ 4A1.2(e), was within 15 years of his most recent offense, also constituted a "prior sentence of imprisonment exceeding one year and one month," U.S.S.G. § 4A1.1(a), and thus three points should be applied pursuant to § 4A1.1(a).

Jones counters that other cases support his theory that his time served in a probation detention center should not necessitate the three points mandated by § 4A1.1(a). Doc. 51-1 at 11-12. Jones first directs the Court to *United States v. Douglas*, 193 F. App'x 925, 928 (11th Cir. 2006). However, as he has been informed, the Eleventh Circuit specifically and affirmatively refused to reach the issue of whether

confinement to a probation detention center constitutes a "sentence of imprisonment" for the purposes of § 4A1.1 in that case. *Id.*; *see Jones v. United States*, 2020 WL 4194006, at *1 (S.D. Ga. July 21, 2020). In *Douglas*, the Court did not have any cause to review the issue on direct appeal because the defendant would have received the same sentence regardless of the determination. *Id.* The District Court may not presume the Eleventh Circuit's lack of statement on this issue suggests Plaintiff's interpretation is true, especially on a § 2255 motion, where his burden is significantly higher than that which he would have faced making the same argument on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982) ("[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.").

Jones next directs the Court to *United States v. Luna-Barragan*, 710 F. App'x 639 (5th Cir. 2018). Doc. 51-1 at 12. There, the defendant was sentenced to probation, but he had already spent 75 days in custody, and thus the 75 days were subtracted from the 5 years-probation; he was never actually sentenced to any time in any prison or custody. 710 F. App'x at 640. The Court held that that sentence was only for probation and thus should have been assigned only one point. *Id. Luna-Barragan*

is obviously distinguishable from Jones' case because Jones' incarceration time was significantly higher, and it was not pre-sentence custody. Instead, Jones was sentenced to time in a probation detention center *in addition* (albeit concurrently) to his probation. *C.f., United States v. Stewart,* 49 F.3d 121, 125 (4th Cir. 1995) (holding that time served in prison awaiting a parole revocation hearing could not be considered "imprisonment on a sentence" under § 4A1.1(e) because including such time in the criminal history calculus would improperly "allow [defendant] to be penalized for something for which the state authorities themselves decided not to punish him."). It is simply not an analogous scenario.

As noted by the Respondent, the Guidelines specifically distinguish between the following types of confinement sentences: those longer than one year and one month; those shorter confinement sentences of at least sixty days; and all other sentences, such as confinement sentences of less than sixty days, probation, fines, and residences in a halfway house. Doc. 63 at 13 (citing *United States v. Pielago*, 135 F.3d 703, 712 (11th Cir. 1998)). The Respondent asks the Court to interpret Georgia statute O.C.G.A. § 42-8-35.4(a) as it existed in 2004. Doc. 63 at 14. Respondent

suggests that, based on the language of the statute allowing a trial judge to order "confinement" in a probation detention center, the Georgia legislature intended a sentence to a probation detention center to be more like "incarceration," than like "residency" in a halfway house. *Id.* (citing, *inter alia*, *Green v. State*, 757 S.E.2d 856, 858 (Ga. 2014) (describing that juror and defendant "were *incarcerated* in the same Gwinnett County Detention Center pod." (emphasis added by Respondent)). However, the Court need not reach this conclusion to find Jones has not carried his burden regarding the effectiveness of his trial counsel and that his Motion to Vacate is unsupported.

The Respondent correctly notes that the Guidelines never associate probation detention centers with halfway houses or community centers. The Court sees no reason to associate them today. Suffice to say, Jones does not and likely cannot support his argument that Hastay should have argued his confinement in the probation detention center should have been treated like a detention in a halfway house, community treatment center, or equitable to probation without a sentence of incarceration. Thus, Jones' attorney was not deficient in failing to assert the argument Jones seeks now, as it is unsupported by precedent and, though perhaps

13

not frivolous, its success is uncertain. *Chandler v. United States*, 218 F.3d 1305, 1319 (11th Cir. 2000) ("Counsel is not required to present every nonfrivolous defense . . . ."). Because the Court finds that Jones has not shown the first factor of the *Strickland* test, the Court need not determine whether he was prejudiced in the proceedings. *Strickland*, 466 U.S. at 697 (the court need not "address both components of the inquiry if the defendant makes an insufficient showing on one."). Accordingly, Jones' arguments as to his attorney's failure to object to the application of the sentencing guidelines to attribute three points to his criminal history based on his 2004 conviction are without merit.

### B. Relation Back of First Step Act Claims

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations for § 2255 motions. 28 U.S.C. § 2255(f); *Davenport v. United States,* 217 F.3d 1341, 1343 (11th Cir. 2000). When a petitioner files a timely § 2255 motion, and then later files an untimely amended or supplemental motion that raises additional claims, the untimely claims are barred by the statute of limitations unless they "relate back" to the original motion under Federal Rule of Civil Procedure 15(c). *Davenport,* 217 F.3d at 1344. A claim "relates

back" if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "[W]hile Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." *Dean v. United States,* 278 F.3d 1218, 1221 (11th Cir. 2002). The United States Supreme Court has cautioned that the "conduct, transaction, or occurrence" language of Rule 15(c) should not be defined "at too high a level of generality," because doing so would defeat Congress's intent to impose a strict time limit on claims for post-conviction relief. *Mayle v. Felix,* 545 U.S. 644, 661-62 (2005) (quotation marks omitted). Thus, an amended pleading relates back to an original pleading only if both pleadings "state claims that are tied to a common core of operative facts." *Id.* at 664. Similarly in the Eleventh Circuit, "the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *See Davenport*, 217 F.3d at 1344 (quotation marks omitted).

If Jones' later-filed claims do not "relate back," they are untimely. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Like his initial pleading, Jones' amended motions attempt to bring claims of ineffective assistance of counsel. His belated claims allege that Hastay failed to object to the classification of his prior drug convictions as "serious drug felonies" under the First Step Act. This constitutes an entirely separate argument from whether the sentence he received for his 2004 conviction should have been calculated under § 4A1.1(a) or (c). Jones' additional claims are not derived from the same set of facts as his original claims, even though they fit into the broader category of ineffective assistance of trial counsel. *See e.g., Davenport,* 217 F.3d at 1346 (where the supplemental claims involved whether the sentence was proper, whether the counsel improperly relied on a summary report, and whether he advised his client regarding a plea deal, they did not relate back to the original claims that attorney failed to argue the drugs in possession were identified or weighed correctly, or perjurious witness testimony.). Thus, they are untimely and are not properly before the Court.

However, even if Jones' additional claims were timely, his argument is meritless. Jones' sentence was not enhanced by any prior

16

conviction affected by the statute he invokes seeking relief. As noted above, Jones' sentence was calculated based on the sentencing guidelines pursuant to U.S.S.G. § 4A1.1 and §4A1.2, in part because of the instant conviction for §§841(a)(1), (b)(1)(C) and §844(a) offenses, his assault of an officer during the arrest, the length and recency of his prior sentence for confinement in a probation center, as well as the points he received by calculating his other underlying offenses. Doc. 48 at 5; PSR ¶¶ 25, 31, 33, 47-52. The statute which Jones seeks relief from applied to certain 21 U.S.C. § 851 penalty enhancements for repeat offenders. To be sure, that statute changed the type of prior offenses that can trigger enhanced penalties from "felony drug offenses" to "serious drug felonies." First Step Act § 401(a); 21 U.S.C. § 841(b)(1)(A), (B) (2020). *United States v. Pubien*, 805 F. App'x 727, 730 (11th Cir. 2020); *see also United States v. Carter*, 782 F. App'x 818, 820 n.2 (11th Cir. 2019). However, it did not impact the validity of Jones' career offender status based on underlying offenses pursuant to U.S.S.G. § 4A1.1. *See* PSR at 1 (summarizing counts).

Jones asserts that the Supreme Court recently stated that convictions under § 841(b)(1)(C) are "covered offenses" for purposes of the First Step Act, but in fact, the Supreme Court held no such thing. *Terry*

*v. United States*, __U.S.__, 141 S. Ct. 1858, 1867 (2021); (J. Sotomayor, concurring in part and concurring in the judgment) (Lamenting the "shortcoming[s]" of the First Step Act and reiterating that "no one convicted under § 841(b)(1)(C) has a covered offense."). In fact, the First Step Act amendments related to § 841(b)(1)(A) and (b)(1)(B)—not the offenses for which Jones was convicted, 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(C), and 844. *See* doc. 46 (noting guilty plea as to 21 U.S.C. § 841(a)(1), (b)(1)(C) and 844. In other words, Jones appears to seek relief from a statute which does not apply to him. Thus, Jones' untimely amended claims should be dismissed.

### III. Conclusion

Jones has failed to show that his attorney was ineffective. Moreover, his attempts to amend his original claims are ineffective because the untimely claims raised in those supplements do not relate back. Accordingly, it is **RECOMMENDED** that James' Motion to Vacate should be **DENIED**, doc. 51. As dismissal of all claims is warranted, the Court **DIRECTS** the Clerk to terminate docs. 76, 77, 78, 79, and 82 upon adoption of the present Report and Recommendation of by the District Judge. James' various Motions seeking counsel are likewise **DENIED,**

docs. 67 and 71.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added). This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED, REPORTED, AND RECOMMENDED** this 8th day of June, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA