IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KURTIS NARADA JONES,           )
                               )
     Movant,                   )
                               )
v.                             )     CASE NO. CV420-079
                               )              CR418-237
UNITED STATES OF AMERICA,      )
                               )
     Respondent.               )
_____)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (CV420-079, doc. 27; CR418-237, doc. 84), to which Movant has filed objections (CV420-079, doc. 28; CR418-237, doc. 85).[1] After a careful review of the record,[2] and as explained below, Movant's Objections are **OVERRULED** and the Report and Recommendation (CV420-079, doc. 27; CR418-237, doc. 84) is **ADOPTED** as the Court's opinion in this case. As a result, Jones' Motion to Vacate under 28 U.S.C. § 2255, (doc. 51), as well as his Amended Motion to Vacate, (doc. 76), are **DENIED**. As dismissal of all claims is warranted, the Court **DIRECTS** the Clerk to terminate docs.

---

[1] For ease of reference, the Court cites to the complete docket in CR418-237 unless otherwise noted.

[2] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (outlining the standard of review for report and recommendations)).

67, 73, 74, 77, 78, 79, and 82. The Clerk of Court is further **DIRECTED** to close CV420-79.

## I. Background and Procedural History

Jones pleaded guilty to, and was convicted of, possession with intent to distribute drugs in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and simple possession of cocaine in violation of 21 U.S.C. § 844. (See doc. 46 at 1 (Judgment); see also doc. 32 (Change of Plea); doc. 48 at 4.) Based on his criminal history, the probation officer determined that Jones was a career offender under U.S.S.G. § 4B1.1(b), and in the Pre-Sentence Report ("PSR"), recommended applying an enhancement based on this determination. Jones classification as a career offender under U.S.S.G. § 4B1.1(b) was based on two prior convictions: (1) a 2004 Henry County, Georgia conviction for possession of cocaine with intent to distribute; and (2) a 2004 Liberty County, Georgia conviction for possession of cocaine with intent to distribute and possession of marijuana with intent to distribute. (Doc. 63 at 4 (citing PSR ¶¶ 42, 50- 51).) Jones did not object to the PSR and it was adopted. (Doc. 48.) Jones was sentenced to 105 months' imprisonment on Counts 1 and 2, as well as 12 months imprisonment on Count 3, all concurrent. (Docs. 46 at 1-2; 48 at 13.) No objections were made to the proceedings and no appeal was filed. (See doc. 48 at 17-18); see generally docket. He filed the present Motion to Vacate under § 2255, claiming his attorney was

ineffective because she failed to object to the PSR's recommendation that he be sentenced as a career offender under U.S.S.G. § 4B1.1(b). (Doc. 51 at 4, 5-8.)

## II. Relevant Legal Standard

Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). A defendant can avoid a procedural default only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Id. (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). The second exception is exceedingly narrow in scope as it concerns a petitioner's "actual" innocence rather than his "legal innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). Jones sought neither exception. Instead, he has attempted to bypass the procedural default by arguing (in passing) that his attorney was ineffective in failing to object to the PSR. While an ineffective assistance of counsel claim is properly asserted at this stage in the litigation, Massaro v. United States, 538 U.S. 500, 504-505 (2003), Jones barely attempts to make the showing required. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding a movant

must show that: (1) his trial counsel's "performance was deficient" and (2) that his trial counsel's "deficient performance prejudiced the defense.") Instead he relies on perceived error at sentencing, a procedurally defaulted claim. With these standards and issues in mind, the Court overrules each of Jones' objections.

### III. Analysis

Sentencing Guidelines assign three points for any prior sentence of imprisonment exceeding one year and one month under §4A1.1(a); two points for a prior sentence of imprisonment less than a year and a month but of at least sixty days under §4A1.1(b); and one point for other prior sentences under §4A1.1(c). U.S.S.G. § 4A1.1. In order for a §4A1.1(a) sentence to be countable, that prior sentence of imprisonment must have been imposed within 15 years of the defendant committing the instant offense, or the defendant must have been incarcerated on that prior sentence during any part of the 15-year period. Id.; U.S.S.G. § 4A1.2(e)(1). Sentences of probation usually fall under the last provision, § 4A1.1(c), meaning they count for one point, and they are only considered an underlying conviction for purposes of the career offender sentence if the conviction occurred within a 10-year timeframe. See U.S.S.G. § 4A1.1(c); § 4A1.2, app. n. 2; § 4A1.2(e)(2).

In his filings, Jones contended that his instant sentence was miscalculated because the PSR improperly treated his 2004 Liberty

County conviction, resulting in him receiving a longer sentence than appropriate. He argued that his 2004 Liberty County conviction resulted in a sentence of probation and not a sentence of confinement, and for the purposes of the instant conviction and its sentence, pursuant to the career offender calculation under U.S.S.G. § 4A.1, he should have received the treatment commensurate with probation: at most-one point. (Doc. 51 at 5.) Respondent argued that Jones's 2004 Liberty County conviction qualifies for three criminal history points because the sentence ordered confinement in a probation detention center as a condition of Jones' probation for a period of time exceeding one year and one month. Consequently, it qualified under the 15-year time period of countability. (Doc. 63 at 11-12.) Likewise, Respondent argued that even if the incarceration in the probation detention center did not qualify as a "sentence of imprisonment under §4A1.1, Jones' attorney's performance was not deficient and thus the relief he sought was due to be denied. (Id. at 15-18.)

A. The Magistrate Judge's Findings

Before the Magistrate Judge provided his recommendation on the merits, he first noted the multitude of documents filed by the movant on the docket. (Doc. 84 at 4.) The Magistrate Judge reviewed each of Jones' piecemeal filings, determining that although the Clerk had docketed many of his ambiguously titled filings as "Motions to Amend" or "Amended Motions," not all were

directly relevant to the Motion to Vacate. (Id.) Indeed, Jones asserted merits in some filings while others intended to supplement his initial arguments or seek appointment of counsel and an evidentiary hearing. (Id.) The Magistrate Judge considered the filings in total and made his recommendation. In other words, the manner which Jones pursued his claim made it difficult to ascertain his intentions, but the Magistrate Judge charitably construed each of his arguments, and the Respondent replied to each of them as well.

To the extent that Jones sought appointment of counsel in docket numbers 67 and 71, the Magistrate Judge denied his request. (Doc. 84 at 5.) His request for an evidentiary hearing was also denied and the Magistrate Judge directed the clerk to terminate docket numbers 76, 77, 78, 79, and 82 upon adoption of the R&R because they appeared to merely supplement grounds already submitted. (Id. at 6.) The Magistrate Judge then reviewed the merits asserted in docket numbers 51, 73, and 74 with consideration of the arguments contained in the other filings. (Id. at 6-18.) As to those arguments, the Magistrate Judge first found that Jones' assertions regarding his sentencing were faulty, and then he found that Jones did not, and cannot, support his argument that his counsel's performance was deficient.

To that end, the Magistrate Judge noted that the Guidelines and commentary demand that "[a] sentence of probation is to be

treated as a sentence under § 4A1.1(c) <u>unless a condition of probation requiring imprisonment of at least sixty days was imposed.</u>" (Doc. 84 at 9 (quoting U.S.S.G. §§ 4A1.2(e)(1)-(2) & app. n. 2) (internal quotation marks omitted) (emphasis added)). The Magistrate Judge found that Jones' 2004 sentence, which constituted a "sentence of probation requiring imprisonment of at least sixty days," U.S.S.G. §§ 4A1.2(e), was within 15 years of his most recent offense, also constituted a "prior sentence of imprisonment exceeding one year and one month," U.S.S.G. § 4A1.1(a), and thus three points were properly applied pursuant to § 4A1.1(a). (<u>Id.</u> at 10.) Next, the Magistrate Judge found that Jones' First Step Act claim was untimely and that, even if it had been timely, the Act itself did not provide the relief he sought. (<u>Id.</u> at 14-18.) Consequently, the Magistrate Judge recommended that Jones' Motion to Vacate be denied.

B. <u>Jones' Objections</u>

Jones Objection to the Report and Recommendation asserts five arguments. (<u>See</u> Doc. 85.) First, he argues that the Magistrate Judge erred in not identifying docket number 17 of CV420-79 (doc. 76 in CR418-237) as the operative motion in his case. (<u>Id.</u> at 1.) Second, Jones argues that the Magistrate articulated his argument incorrectly: Jones does not believe that his sentence should be described as one "with a requirement of a 360-420 day [sic] in jail." (<u>Id.</u> at 2.) Jones asserts that in the 2004 Liberty County

conviction, he was sentenced to 8 years' probation "stand[ing] alone." (Id.)  Third, Jones argues that the Magistrate Judge failed to acknowledge and cite to "all evidence attached to 2255 motion," or all its exhibits, and that it misconstrued United States v. Douglas, 193 F. App'x 925, 928 (11th Cir. 2006). (Id.) Also in his third objection, Jones repeated his prior argument that no probation can legally predate a sentence of confinement and that his sentence was a special condition of probation and not a sentence of confinement. (Id. at 2-3.)

Jones' fourth objection is to the denial of an evidentiary hearing, wherein Jones argues that he is entitled to such a hearing because he alleges facts that, if true, would entitle him to relief. (Doc. 85 at 4.) He also asserts in his fourth objection that he left his confinement in the probation detention center after only five months to complete his 10-year prison sentence in Henry County. (Id.) Thus, Jones argues, his 360-420 days could not constitute incarceration because he never completed that term. (Id.) Finally, Jones' fifth assertion alleges that his counsel was indeed deficient because she should have obtained the court documents he presently offers, which, he argues create a

"reasonable probability the deficient performance prejudiced the defense." (Id. at 5-6.)

C. Adoption of the R&R

Even though he filed three additional pleadings on the docket after his June 22, 2021, filing, Jones asserts in his first objection that "doc. 17" was the last Amended Motion mailed in. (Doc 85 at 1.) Further, he argues that "[a]n amended pleading supersedes an original pleading," and cites to Rule 15's permissible amendment rule, which he argues exists so that parties "may correct technical deficiencies or expand facts alleged in original pleading." (Doc. 85 at 1.) Jones explains that docket number 17, herein referenced by its corresponding criminal docket entry number, 76, "was meant to do just that by adding O.C.G.A. 17-10-1 and O.C.G.A. 42-8-35 along with Doc. 18[3] of 420-00079 amendment to evidence of 2255 motion." (Doc. 85 at 1.) He argues that, because there was no ruling on his first 2255 motion, he was allowed to amend as a matter of course.

The Court finds that the Magistrate Judge reviewed all claims asserted in what Jones identifies as the operative pleading and thus he did not err. However, the Court has again thoroughly examined the filing at issue and considered it as the operative pleading. Nevertheless, the Court also finds it meritless for the

---

[3] Which corresponds to CR418-237, doc. 79.

reasons articulated by the Magistrate Judge. Specifically, Jones attempts to bootstrap his procedurally defaulted and likely meritless argument regarding his allegedly erroneous sentencing into an ineffective assistance of counsel claim. But, because he cannot meet the first prong of Strickland v. Washington, Jones' argument fails. Strickland, 466 U.S. at 697; Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

Jones may proceed only if he can show that his attorney was ineffective in failing to object to the points attributed to this sentence in the PSR, or perhaps that she was ineffective in failing to appeal the same determination. However, instead of arguing the merits of his ineffective assistance claim, Jones proceeds as though he faces a direct appeal. He asserts that the statement contained in his PSR that he was sentenced to "eight years' probation with 360-420 days incarceration" is simply incorrect under Georgia statute. (Doc. 76 at 1.) Jones describes his 2004 Liberty County sentence as one of "eight years concurrent to 1 year in the state penal system," which the judge then "probated." (Id.) He claims that, in fact, the sentence Respondent argues he received is not a legal sentence that could have been imposed. (Id. at 1-2 (citing O.C.G.A. § 17-10-1 for the premise that probation with 360-420 days incarceration would not have been a

legal sentence).) He claims that "no time in confinement was ordered." (Id.) He then argues that he was "held in custody by the sentencing judge because [he] was placed on probation and the sentencing judge has jurisdiction to do so." (Id. at 2 (citing O.C.G.A. 17-10-1(4) for the premise that probation may not begin until after confinement portion of sentence).) Finally, he argues that "[i]f a sentence of confinement had been imposed, then all time in custody would have been applied to the sentence of confinement imposed from the date of his arrest, because [he] was held without a bond." (Id.)

In summary, in docket number 76, Jones argues that it is simply impossible that a court could order probation and prison at the same time, and rather, probation, even in a probation detention center, constitutes a "special condition" which cannot garner the same amount of criminal history points as a sentence of confinement would. These arguments are well and good, but they are procedurally defaulted; they should have been brought on appeal. The dispositive issue on this § 2255 is whether his attorney was deficient, not whether he was sentenced correctly. But Jones neglects to make this argument in favor of his own belief that the statutes were ignored when calculating the points he received for his 2004 sentencing in the instant conviction. Indeed, docket number 76, the operative pleading, does not even mention ineffective assistance of counsel. (See doc. 76 ("I am asking the

courts to vacate and remand for resentencing because of the unconstitutional sentence I am now serving.").) This argument was available at the time of direct appeal, and thus it is procedurally defaulted and is improper. <u>Lynn</u>, 365 F.3d at 1235 ("In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all.")

In any event, Jones reasserts this argument repeatedly throughout his filings, and the Court finds that the Magistrate Judge fully considered the merits of the claims contained in docket number 76 in his R&R. Thus, as to Jones' first objection, any error the Magistrate Judge made in determining which of the many pleadings was the operative pleading based on Jones' piecemeal filing practice was harmless as the grounds asserted are meritless and relief is due to be denied.[4] Thus, his first objection is overruled. The liberal construction afforded to <u>pro se</u> pleadings simply does not require the Court to extricate the intended arguments or assume which of his pleadings is the one he considers pertinent, especially considering he filed multiple papers after the one upon which he seeks to rely. See <u>Ware v. City of Atlanta</u>, 861 F. App'x 791, 797-98 (11th Cir. 2021) ("Although we liberally construe <u>pro se</u> briefs . . ., a court may not serve as <u>de facto</u>

---

[4] As discussed further, Jones' Motion to Vacate is instead denied because it is meritless.

counsel for a party or rewrite a brief in order to preserve a claim." (internal quotation marks and citation omitted)).

Jones' second argument regarding the Magistrate Judge's alleged mis-articulation of his claim is immaterial. Again, Jones has relied upon his own interpretation of statutes relevant to his 2004 Liberty County sentencing, and he fails to make argument as to his attorney's effectiveness. In any event, how Jones' 2004 sentence is articulated strikes at the heart of the underlying dispute, and given the Magistrate Judge found that Jones' interpretation and articulation was faulty, Jones' objection that the Magistrate Judge referenced the 2004 sentence as "probation with a requirement of a 360-420 day in jail" is redundant of his general complaint that he was not sentenced to jail for the purposes of computing his instant sentence pursuant U.S.S.G. § 4B1.1(b). See U.S.S.G. 4A1.1(a). It is thus overruled.

Jones' third objection regarding the Magistrate Judge's failure to acknowledge or cite to each piece of evidence in the record is nonsensical. Jones provides no support for his argument that the Magistrate Judge must cite to each of the provided exhibits in making his recommendation, and after a full review of the evidence provided by the movant, it is clear that his claim fails. Though Jones provides several documents indicating he was sentenced in 2004 to some form of probation, they do not appear to be conclusive of the underlying issue. In particular, one exhibit

states that Jones was "to serve a period of 360-420 days in a State Probation Detention Center," and that "Defendant is to remain in jail. He is to begin receiving credit in thirty (30 Days if no bedspace is available in that time  This sentence is to run concurrent to Liberty County Superior Court case #03R-9991." (Doc. 85 at 11.)  Jones argues that this boilerplate form, entitled "Special Conditions of Probation Detention Center" proves that the confinement was merely a condition of probation and not jail or confinement. The argument is clearly flawed. As stated by the Magistrate Judge, "[a] sentence of probation is to be treated as a sentence under § 4A1.1(c) <u>unless a **condition** of probation requiring imprisonment of at least sixty days was imposed.</u>" U.S.S.G. §§ 4A1.2(e)(1)-(2) & app. n. 2 (emphasis added). That is exactly what is indicated by the exhibit Jones submitted. Therefore, Jones' argument that the "probation detention center is a condition that can be used to violate the 8-year probation sentence," and consequently qualifies for § 4A1.1(c) point attribution, is off base. Moreover, the argument is only presently relevant in reference to the deficiency prong of the <u>Strickland</u> standard, and because it is faulty it does not establish deficiency. <u>See Hollis v. United States</u>, 958 F.3d 1120, 1124 (11th Cir. 2020) ("[C]ounsel did not perform deficiently by failing to raise a meritless objection"); <u>see also United States v. Freixas</u>, 332 F.3d 1314, 1320 (11th Cir. 2003) (quotation omitted). ("To

make such a showing [of deficient performance], a defendant must demonstrate that "no competent counsel would have taken the action that his counsel did take."

Jones next argues that the Court either misconstrued United States v. Douglas or the point Jones attempted to make by citing it. (See doc. 85 at 2) (citing United States v. Douglas, 193 F. App'x 925, 928 (11th Cir. 2006).) At sentencing, Douglas received three criminal history points for a prior conviction for which he was initially sentenced to probation, but his prior sentence was later modified twice to include periods of confinement in a probation detention center after he violated the conditions of that probation. Douglas, 193 F. App'x at 927. In calculating his career offender status, the trial Court explicitly found that even if it was incorrect in attributing 3 points to that prior sentence, it would still impose the same sentence. Thus, on appeal, the Eleventh Circuit refused to reach the merits of whether confinement in a probation detention center constitutes a "sentence of imprisonment" for the purposes of §4A1.1. Id. Jones, unlike Douglas, was not placed in the detention center only after violating his probation. Thus, he argues that the case is not analogous because his sentence was pronounced differently in that it included confinement in the probation detention center only as a special condition, an impermissible sentence. (Doc. 85 at 2.) However, Douglas was explicit as to the underlying sentencing

issue: it refused to decide whether confinement in a probation detention center demanded 3 points in future sentencing for career offender purposes. Douglas, 193 F. App'x at 3-4. Therefore, even though the Court explicitly acknowledges the discreet issue for which Jones cited Douglas, the precedent is simply not helpful to him.

Instead, Douglas reinforces a district court's routine, though sometimes uncertain, attribution of 3 points to such a prior sentence, and therefore supports the Respondent's assertion that Jones' attorney was not ineffective in failing to object to the calculation as such. Thus, the objection does not undermine the R&R's conclusion regarding the ineffective assistance of counsel claim, even if it were convincing as to the sentencing issue underlying that argument. Jones' last argument in Objection 3, asserting that no probation can legally predate a sentence of confinement, is wholly unsupported. His third objection is overruled.

Jones' fourth and fifth objection are related: he asserts that he should be entitled to an evidentiary hearing on the claims he originally asserted, and that the R&R was incorrect in finding counsel not ineffective. Jones rests his argument for such a hearing on the premise that he has alleged "facts that, if true, would entitle him to relief." (Doc. 85 at 4 (citing Aron v. United

States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks omitted)).)

When a challenge to the validity of a conviction on the basis of ineffective assistance of counsel arises, the afore-mentioned, two-part test set out in Strickland applies. 466 U.S. 668(1984); Hill v. Lockhart, 474 U.S. 52, 57 (1985). The district court is not required to grant Jones an evidentiary hearing if his § 2255 motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see Anderson v. United States, 948 F.2d 704, 706 (11th Cir. 1991) (internal quotation marks and citation omitted). An evidentiary hearing is unnecessary when the petitioner's allegations are "'affirmatively contradicted by the record'" or if such claims are "'patently frivolous.'" Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir.1989) (quoting United States v. Guerra, 588 F.2d 519, 520-21 (5th Cir. 1979)).

As to his entitlement to relief, Jones' fifth objection alleges that his counsel was deficient because she should have obtained the court documents he presently offers, which, he argues create a "reasonable probability the deficient performance prejudiced the defense." (Id. at 5-6.) Jones' conclusory statement in this regard fails to establish that his attorney was deficient. To overcome the presumption that his counsel's performance was reasonable and adequate, "a petitioner must

establish that no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008); Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir.2000) (en banc). Jones has not overcome his burden on the first prong of the Strickland test by arguing that his attorney neglected to assert that the PSR incorrectly attributed three points to the 2004 Liberty County conviction because that argument is not conclusively merited in the first place. "Failing to make a meritless objection does not constitute deficient performance." Denson v. United States, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing Freeman v. Att'y General, 536 F.3d 1225, 1233 (11th Cir. 2008)). Thus, despite the perceived prejudice Jones suffers, no evidentiary hearing is necessary. Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Consequently, Jones' Objections 4 and 5 also fail, and to the extent he requests evidentiary hearings or to amend his requests for evidentiary hearing in docket numbers 67 and 73, and 79, that request is **DENIED**.

For the reasons explained above, Jones' objections are **OVERRULED**, and the Report and Recommendation, (CV420-079, doc. 27; CR418-237, doc. 84), is **ADOPTED** as the Court's opinion. Jones' § 2255 Motion, (doc. 76) is **DENIED**.[5] Jones' various other Motions

---

[5] For clarity purposes, to the extent Jones objects to the Magistrate Judge's direction to terminate docket number 76, as opposed to treating it as the dispositive motion, the Court **VACATES** the Magistrate Judge's direction to the

are likewise **DENIED**, (docs. 51, 67, 73, 74, 77, 78, 79, and 82). Civil action, CV420-079 is therefore, **DISMISSED** in its entirety. The Clerk is **DIRECTED** to enter the appropriate judgment and **CLOSE** civil action CV420-079.

Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

**SO ORDERED** this 18th day of September 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

Clerk to *terminate* this Motion. The Court instead **DENIES** the motion for the reasons originally explained by the Magistrate Judge which are adopted herein and which consequently result in the denial of relief sought in the related civil case CV420-079, as asserted in docket number 17.